**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| QIMIN LIN,<br><br>      Petitioner,<br><br>  v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>      Respondent. | No. 21-1313<br><br>Agency No.<br>A213-143-876<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 6, 2023[**]
Honolulu, Hawaii

Before: BADE, BUMATAY, and SANCHEZ, Circuit Judges.

Qimin (aka Qiming) Lin, a native and citizen of the People's Republic of

China, petitions for review of a final decision issued by the Board of Immigration

Appeals ("BIA") affirming the Immigration Judge's ("IJ") order denying his

application for asylum and withholding of removal. We have jurisdiction under

8 U.S.C. § 1252, and we deny the petition for review.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1.      Because Lin did not exhaust his challenge to the IJ's denial of withholding of removal or the IJ's conclusion that he had not established a well-founded fear of persecution, we deny these portions of the petition. *See Santos-Zacaria v. Garland*, 143 S. Ct. 1103, 1114 (2023); *Umana-Escobar v. Garland*, ⸺ F.4th ⸺, 2023 WL 3606117, at \*5 (9th Cir. May 23, 2023).

2.      "Where, as here, the BIA adopts and affirms the IJ's order pursuant to *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (BIA 1994), and expresses no disagreement with the IJ's decision, we review the IJ's order as if it were the BIA's." *See Chuen Piu Kwong v. Holder*, 671 F.3d 872, 876 (9th Cir. 2011). If the "totality of the circumstances" provides substantial evidence for the adverse credibility determination, we will uphold it. *Alam v. Garland*, 11 F.4th 1133, 1136–37 (9th Cir. 2021) (en banc).

Substantial evidence supports the IJ's conclusion that Lin's claims of past persecution were not credible. Lin filed a nonimmigrant visa application containing false information regarding his employer. Such "falsehoods and fabrications weigh particularly heavily in the adverse credibility inquiry." [1] *Kumar v. Garland*, 18 F.4th 1148, 1155–56 (9th Cir. 2021). Given that this was his third attempt to obtain a U.S. visa, the IJ was not required to accept Lin's explanation that the travel agency had made the error. *See Li v. Garland*, 13 F.4th

---

[1] Because the falsity preceded any claim of harm, this is not a situation where the use of fraudulent documents to escape persecution is not an adverse factor. *See, e.g.*, *Akinmade v. INS*, 196 F.3d 951, 956 (9th Cir. 1999).

954, 961 (9th Cir. 2021).

The IJ did not find credible Lin's testimony that he flew from Kauai to Oʻahu every week to attend church, noting it was implausible that he could afford to spend upwards of $600 a month while working as a cook at a local restaurant and still send remittances to his family. The IJ "reasonably applied common sense" in so finding. *See Lalayan v. Garland*, 4 F.4th 822, 838 (9th Cir. 2021). Similarly, it was not speculative for the IJ to find implausible that Lin did not know anything about his sister's religious persecution in China. As the record reflects, Lin testified that his sister converted to Christianity and left China to apply for asylum in the United States in August 2016, just months before Lin testified he began practicing Christianity in early 2017. Substantial evidence supports the agency's adverse credibility determination based on these factors alone. *Li*, 13 F.4th at 960.

3. Finally, the record supports the agency's finding that the independent evidence failed to corroborate Lin's testimony or establish his eligibility for asylum. Lin was unable to establish a chain of custody for the proffered bail receipts, and as the agency noted, country conditions evidence reflects that documentation from the Fujian province where Lin resided is subject to widespread fabrication and fraud. Even if these documents were credited, they only establish that Lin paid two administrative fines for attending an illegal underground church. Accordingly, the record does not compel a contrary finding by the agency.

**PETITION DENIED.**